IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DORA YOUNG, Administratrix of the
Estate of Jackie Alan Adams, deceased,

           Plaintiff,

v.                                       CIVIL ACTION NO. 3:04-0397

NORFOLK SOUTHERN RAILWAY COMPANY,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are the motions of the plaintiff to modify the scheduling order to allow amendment of the complaint and the accompanying motion to file an amended complaint and the motion of the defendant to exclude the plaintiff's expert witnesses. For the following reasons, all three motions are **DENIED**.

The plaintiff filed this action in Wayne County Circuit Court on March 25, 2004, alleging that the defendant's negligence was the proximate cause of the motorcycle-train accident that killed the plaintiff's son, Jackie Alan Adams. The defendant removed the case to this Court on April 23, 2004. The Court's scheduling order of June 15, 2004, directed that joinder of parties and amended pleadings be filed by November 30, 2004, that the plaintiff's expert witness list be completed by March 17, 2005, that the defendant's expert witness list be completed by April 6, 2005, and that discovery be completed by May 16, 2005. Trial in this matter is set for August 16, 2005.

The plaintiff now seeks to modify the scheduling order and file an amended complaint adding as a defendant the Huntington Treatment Center, where the decedent received treatment. As

part of the treatment program, the center prescribed methadone in varying dosages from August 8, 2003, until the decedent's death on November 4, 2003. A December 2003 report from the state medical examiner's office noted that methadone was present in the decedent's blood at a level that could cause impairment in a person lacking significant tolerance. On April 6, 2005, the defendant filed its expert witness disclosures, including the report of Robert B. Forney, a forensic toxicologist. Dr. Forney concluded that the decedent's tolerance to methadone would have been reduced by the combination of increased dosage and missed doses due to the decedent's absences at the center. As a result, Dr. Forney concluded, the decedent's driving was likely impaired. The plaintiff contends that this warrants modification of the scheduling order because until this expert's opinion was disclosed, she believed her son had attended the clinic and received medication regularly and she had no reason to believe his operation of his motorcycle was impaired. If his driving was impaired, she contends, negligence of the Huntington Treatment Center may have contributed to the accident.

The plaintiff's assertions are unsupported by the facts in this case. Her own disclosures, filed pursuant to Federal Rule of Civil Procedure 26(a) on September 17, 2004, include the decedent's medical records from the Huntington Treatment Center. These records clearly reflect the dosage administered on each date and the decedent's attendance record. The records show 18 absences in September 2003 and five absences in October 2003. The medical examiner's toxicology report was included in the plaintiff's initial Rule 26(a) disclosures, on July 12, 2004. These disclosures demonstrate that the bulk of the information on which the defendant's expert based his opinion was in the hands of the plaintiff at least seven months before the expert's report was filed.

This Court has adopted the rule that a motion to amend the complaint filed after the deadline in the scheduling order must satisfy the requirements of both Federal Rule of Civil Procedure 16(b)

and 15(a). *Stewart v. Coyne Textile*, 212 F.R.D. 494 (2003). The 16(b) standard focuses primarily on the moving party's diligence and the reasons for delay. The 15(a) standard then looks to the potential bad faith of the party seeking amendment as well as prejudice to the opposing party. *Id*. Neither standard supports leave for an amendment in this case.

This is not a case so complex that only extensive discovery could lead to the information giving rise to the request for amendment. Nor is it a case where the information was in the control of the defendant and only belatedly discovered by the plaintiff. Because the plaintiff had the information she asserts establishes good cause for amendment at least seven months before filing her motion, she cannot show the diligence necessary under the Rule 16(b) standard. In addition, granting leave to amend the complaint at this stage of litigation would result in substantial prejudice to the defendant. Adding the Huntington Treatment Center would not only cause the inevitable delay associated with naming a new defendant, but also have the effect of destroying diversity and therefore this Court's jurisdiction. With the discovery deadline passed and the trial just over two months away, such a result would be inequitable and cannot meet the Rule 15(a) standard. Accordingly, the plaintiff's motions to amend the scheduling order and to file an amended complaint are **DENIED**.

Also before the Court is the defendant's motion to exclude the plaintiff's expert witnesses Robert W. Halstead and Dr. Kenneth Heathington. Pursuant to Rule 26(a)(2)(B), disclosure of expert witnesses must be accompanied by a signed report containing, among other things, the expert's conclusions and qualifications, the data considered and the exhibits to be used. Although the plaintiff disclosed the names of these experts, she did not include the required reports. According to Rule 37(c)(1), a party that fails to disclose information required by Rule 26(a) is not

permitted to use that information as evidence at trial unless the failure is justified or harmless. The plaintiff submits that the reports were not provided because discovery was incomplete and the experts needed more information, in part because they believed the defendant had not been forthcoming with discovery responses. In addition, the plaintiff argues that this failure to disclose was harmless because it did not impede the defendant from securing experts. Although these facts present a relatively weak justification, the Court finds that exclusion of the plaintiff's expert witnesses would be an unreasonably harsh result. As the discovery deadline has passed, however, there is no justification for further delay. Therefore, the defendant's motion is **DENIED** and the plaintiff is **DIRECTED** to supply the expert reports and any other outstanding disclosures required under Rule 26 by June 17, 2005. If, as a result of the plaintiff's late disclosures, the defendant needs additional time to file or supplement reports, it may seek leave of the Court to do so.

    The Court **DIRECTS** the Clerk to send a copy of this written order to counsel of record and any unrepresented parties.

                                            ENTER:       June 3, 2005

                                            ROBERT C. CHAMBERS
                                            UNITED STATES DISTRICT JUDGE